UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH RAY VANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01246-SHM-tmp |
| | ) | |
| SHERIFF MEIER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
AND GRANTING LEAVE TO AMEND**

On November 4, 2022, Plaintiff Kenneth Ray Vann filed (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Vann filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee. (ECF No. 1 at PageID 2.) On November 23, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). (ECF No. 6 (the "IFP Order").)

The complaint (ECF No. 1) is before the Court.

Vann alleges that, while he was confined at the MCJ "from 6/21 to 9/22 and from 9/22 till now", he experienced overcrowded conditions of confinement, slept on the floor "for 18 plus[] months", and was exposed to "a plague of black mold." (*Id*. at PageID 2.) It is unclear from the complaint whether Vann experienced the alleged conditions from June through September of 2021 or 2022. (*See id*.) Vann does not identify the dates of the events and conditions alleged in the

complaint.  (*See id*.)  Vann sues two (2) defendants: (1) Sheriff Meier[1]; and (2) Sheriff J. Wiser.

(*Id*.)  Vann seeks "some kind" of unspecified relief.  (*Id*. at PageID 3.)

The Clerk is DIRECTED to:  (1) modify the docket to add Madison County, Tennessee

(the "County") as a Defendant; and (2) modify the docket to change the name of Defendant Sheriff

Meier to Defendant Sheriff Mehr.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED

WITHOUT PREJUDICE; and (2) leave to amend is GRANTED.

## I.     LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of

it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be
> granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court

applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*,

556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts

the complaint's "well-pleaded" factual allegations as true and then determines whether the

allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th

Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations

are true, because they are not "factual," and all legal conclusions in a complaint "must be supported

by factual allegations."  *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides

---

[1]  Defendant "Meier" is understood to be the former Sheriff of Madison County, John
Mehr.  The Clerk is DIRECTED to modify the docket to reflect that the defendant is John Mehr,
and the Court will refer to defendant as Mehr going forward.

guidance on this issue.  Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.   ANALYSIS

Vann does not allege whether he sues Mehr and Wiser in their official or individual capacities.  (*See* ECF No. 1.)  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials."  *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity."  *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).  The Court construes Vann's claims against Mehr and Wiser as official capacity claims.

Vann's official capacity claims against Mehr and Wiser are treated as claims against their employer at the time relevant to the complaint — *i.e.*, the County.  *See Jones v. Union Cnty.,*

3

*Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

The County may be held liable only if Vann's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Vann does not allege that he has been deprived of a constitutional right because of a policy or custom of the County. Vann's allegations are based on his particular experience of unconstitutional conditions of confinement at the MCJ. (ECF No. 1 at PageID 2.) Vann does not state a claim to relief against the County or against Wiser and Mehr in their official capacity because Vann fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Vann.

Vann's claims against the County and Wiser and Mehr in their official capacity are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

## III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other

circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

## IV.   CONCLUSION

For the reasons set forth above:

A.      The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); and

B.      Leave to amend the complaint is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Vann's claims.  An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings.  Vann or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by

number in the text of the amended complaint and must be attached to the complaint.  All claims

alleged in an amended complaint must arise from the facts alleged in the complaint.  Each claim

for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Vann fails to file an amended complaint within the time specified, the Court will dismiss

the complaint with prejudice and enter judgment.  For § 1915(g) analysis, the Court recommends

that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons*

*v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  The "three strikes" provision of 28 U.S.C. §

1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or

more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted."  28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 20th day of February, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE